SHAPIRO, District Judge,
Concurring.
I agree with Judge Rendell’s well-reasoned opinion that appellants’ second motion to vacate the default judgment failed to assert a meritorious defense to a number of allegations of the adversary complaint and therefore the denial of the motion should be affirmed.
However, I write separately to note disapproval of the prolix adversary complaint, consisting of 199 allegations in 52 pages and numerous pages of 32 evidentiary exhibits (A-FF) in support of the allegations.
Bankruptcy Rule 7008 provides that Fed.R.Civ.P. 8 applies in adversary proceedings. Fed.R.Civ.P. 8(a)(2) requires, in pertinent part, that a pleading shall contain:
“A short and plain statement of the claim showing that the pleader is entitled to relief ... ”.
Bankruptcy Rule 7009 provides that Fed.R.Civ.P. 9 applies in adversary proceedings. Fed.R.Civ.P. 9(b) provides that:
“In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.”
This complaint by the Chapter 7 Trustee and a creditor bank objects to discharge of debtors and dischargeability to the bank on account of “an ongoing pattern of evasion and deceit.” (Comply 6). It states not only the requisite allegations as to the parties, jurisdiction, and venue, but also 80 paragraphs of introduction, before alleging 26 claims for relief in 113 additional paragraphs, each of which refers to some or all of the prior “introductory” allegations.
Stating with particularity circumstances constituting fraud does not require unnecessarily repetitive statements. “Fact” pleading is discouraged by the Federal Rules of Civil Procedure and a complaint, protracted by the inclusion of evidence, is an imposition on the adverse party and the court.
If the motion to vacate the default judgment were denied solely for failure to answer the complaint timely, affirming might be a problem because of the nature and structure of this complaint; but the Bankruptcy Judge allowed appellants to file a renewed motion to vacate more than four months after the default judgment was entered. As the opinion states, that motion failed to offer meritorious defenses to a number of the claims for relief although there was adequate time to do so. The Bankruptcy Judge (A81) and the District Judge (AA118) both found that proof of any one of those claims would warrant denial of discharge. Therefore, I concur in the opinion and judgment to affirm.